NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEITH KILBOURNE,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>Defendant-Appellee. | No. 17-35488<br><br>No. 3:16-CV-00590-HZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted July 9, 2019[**]

Before: FARRIS, D. NELSON, and TALLMAN, Circuit Judges.

Keith Kilbourne appeals the district court's affirmance of the Commissioner

of Social Security's denial of his application for disability insurance benefits under

Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291

and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2016), and we affirm.

The ALJ provided specific and legitimate reasons for assigning only some weight to examining psychologist Dr. Duvall's opinion. The ALJ did not err by relying upon evidence of Kilbourne's secondary gain behavior to afford Dr. Duvall's opinion less weight. In addition to examining Kilbourne, Dr. Duvall also based his opinion on Kilbourne's subjective reports, the veracity of which Dr. Duvall questioned, as well as Kilbourne's medical records, including those from the time during which Kilbourne exaggerated his symptoms and exhibited drug-seeking behavior. Kilbourne does not contest that the ALJ properly discounted his testimony based on evidence of secondary-gain motivation and, in turn, an ALJ may discount medical opinion evidence that depends upon a claimant's unreliable subjective reports. *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). Even assuming the ALJ erred in relying upon evidence of secondary gain on Kilbourne's part, the ALJ provided other valid reasons for discounting Dr. Duvall's opinion, rendering any error harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

The ALJ also did not err by giving Dr. Duvall's opinion less than full weight concerning Kilbourne's social limitations based on his marriage and attendance of a Substance Abuse Treatment Program ("SATP"). While the record includes evidence supporting Kilbourne's characterization of his marital strife, it also

includes substantial evidence that Kilbourne and his wife were able to work through marital issues and that their relationship improved with counseling. Although Kilbourne argues the ALJ should have construed evidence pertaining to his marriage differently, he has not shown the ALJ offered an unreasonable interpretation or that the ALJ's interpretation lacks substantial evidentiary support. *See Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

In addition, the ALJ did not err by relying upon Kilbourne's participation in the SATP group therapy meetings. We reject Kilbourne's argument that the ALJ failed to explain how Kilbourne's "mandatory court-ordered attendance at SATP group meetings is inconsistent with Dr. Duvall's opinion," as the record indicates Kilbourne continued attending group meetings for over a year after completing the court-ordered portion of the program and actively participated in many therapy sessions, contrary to the social restrictions Dr. Duvall opined. Kilbourne has not shown the ALJ's interpretation of the evidence was unreasonable or lacks substantial evidentiary support. *See Ryan*, 528 F.3d at 1198; *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

Kilbourne also has not shown the ALJ erred by citing Kilbourne's ability to work in the past despite his PTSD symptoms. Kilbourne does not point to evidence that his symptoms worsened after his alleged onset date that the ALJ failed to assess. Thus, Kilbourne has not carried his burden to show his condition

deteriorated, and so he has not demonstrated the ALJ erred in relying on his past work to give only some weight to Dr. Duvall's opinion. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009) (explaining the "claimant has the burden to prove he is disabled").

Lastly, while Kilbourne asserted in his opening brief that the ALJ erred by giving little weight to the Department of Veterans Affairs' finding that Kilbourne was disabled, he conceded in his reply brief that he has waived this argument. Therefore, the Court will not address it.

**AFFIRMED.**